### KNOX v. BROYLES MOTOR CO.

No. 20617. Opinion Filed March 8, 1932.

J. G. Ralls, for plaintiff in error.

I. L. Cook, for defendant in error.

LESTER, C. J. The parties occupy the reverse order on appeal to that in the district court, and will be referred to as they appeared there.

The plaintiff brought an action in replevin for one automobile against the defendant in the district court of Atoka county. The plaintiff stated and alleged in its petition that the defendant was indebted to it on a certain amount by reason of a promissory note executed by defendant and secured by a chattel mortgage on an automobile. The writ of replevin was levied. The defendant retained possession by virtue of executing a forthcoming bond. The cause was tried to the court and jury and the jury returned a verdict adjudging the plaintiff entitled to possession of said automobile. The defendant thereafter filed a motion for new trial, which was by the court overruled. The court rendered judgment upon the verdict of the jury, "or the amount of $471.62 the full amount of said mortgage and note held against said car."

The plaintiff in error in his brief insists that the court erred in rendering judgment against him for $471.62.

We find that the defendant for the first time raises this question in his petition in error. This question should have been raised originally before the district court. The defendant complains that an alternative judgment could not be rendered where the defendant is in possession of the property where no evidence is produced at the trial tending to show value of the property. At page 64, C-M., J. G. Barnett testified that the value of the automobile in question was $750. He was fully cross-examined by the defendant upon his knowledge of values relating to automobiles. Testimony of this witness was not contradicted.

There is no substantial error in the judgment of the district court, and the same is affirmed.

HEFNER, CULLISON, SWINDALL, Mc-NEILL, and KORNEGAY, JJ., concur.

CLARK, V. C. J., and RILEY and ANDREWS, JJ., absent.

Note.—See under (1), 2 R. C. L. 69 et seq.; R. C. L. Perm. Supp. p. 317; R. C. L. Pocket Part, title Appeal, § 52.